IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA, §

    Plaintiff, § CASE NO. 10-60015-CR-COHN

vs. §

ROBERTO SETTINERI, §

    Defendant. §
_____/

### DEFENDANT ROBERTO SETTINERI'S MOTION TO DISMISS COUNTS ONE THROUGH EIGHT OF THE SUPERSEDING INDICTMENT, WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, ROBERTO SETTINERI, by and through his undersigned counsel, and moves this Honorable Court for the entry of its order dismissing Counts One Through Eight of the superseding indictment. In support of this motion, the defendant states as follows:

### *Introduction*

1. Defendant Roberto Settineri is charged in a nine-count "bare bones" indictment that is, in large part, incomprehensible. As will be shown below, Counts One through Eight of the superseding indictment do not set forth the elements of the offenses charged; they fail to sufficiently apprise Mr. Settineri of the charges against which he must defend himself; and they leave him unable to rely upon a

JEFFREY S. WEINER, P.A.
ATTORNEYS AT LAW
Two Datran Center•Suite 1910•9130 South Dadeland Blvd.•Miami, FL 33156-7858•Telephone 305.670.9919 Fax 305.670.9299

1

judgment on those counts as a bar against double jeopardy should he be prosecuted in the future for these same offenses.

2. Counts One through Eight of the superseding indictment charge Mr. Settineri with conspiring to obstruct justice and engage in money laundering, as well as substantive acts of obstruction and money laundering. The crux of this motion is that Counts One through Eight of the superseding indictment should be dismissed because they fail to specify the official proceeding alleged to have been obstructed, and fail to specify how Mr. Settineri and his co-defendants "otherwise" obstructed justice.[1]

### *The Indictment*

3. Count One of the superseding indictment charges Mr. Settineri, along with co-defendants Ros and Dromerhauser, with conspiracy in violation of 18 U.S.C. § 1512(k). In pertinent part, Mr. Settineri is charged with having conspired to:

a) corruptly alter, destroy, mutilate, and conceal a record, document, and other object with the intent to impair the object's integrity and availability for use in an official proceeding in violation of 18 U.S.C. § 1512(c)(1); *and*

---

[1] Count Nine does not suffer from these flaws and is not the subject of this motion.

b) corruptly *otherwise* obstruct, influence, and impede any official proceeding in violation of 18 U.S.C. § 1512(c)(2). (emphasis supplied)

4. Count Two of the superseding indictment charges a substantive violation of 18 U.S.C. §§ 1512(c) and 2. It alleges that from November 11, 2009, though November 23, 2009, Mr. Settineri and his co-defendants "did knowingly and corruptly alter, destroy, mutilate, and conceal a record, document and other object, and attempt to do so, with the intent to impair the object's integrity and availability for use in an official proceeding *and otherwise* obstruct, influence and impede *any* official proceeding and attempt to do so, in that: defendants did take receipt of two boxes of documents represented to be documents subject to a grand jury subpoena for the purpose of destroying and concealing those documents." (emphasis supplied)

5. Count Three of the superseding indictment also charges a substantive violation of 18 U.S.C. §§ 1512(c) and 2. This count alleges that from November 8, 2009, through the date of the indictment (filed March 4, 2010), Mr. Settineri and his co-defendants, "did knowingly and corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempt to do so, with the intent to impair the object's integrity and availability for use in an official proceeding *and otherwise* obstruct, influence and impede any

official proceeding and attempt to do so, in that: defendants created false and fraudulent invoices and took receipt of funds for the purpose of concealing assets subject to pending proceedings before the United States District Court for the Southern District of Florida." (emphasis supplied)

6. Count Four of the superseding indictment charges Mr. Settineri and his co-defendants with conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956(h). This conspiracy, too, charges multiple objects. In pertinent part, the first such object was to:

> ...conduct and attempt to conduct financial transactions... which involved property represented by a person, acting at the direction of a Federal law-enforcement officer, to be proceeds of specified unlawful activity, that is, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, with the intent to promote the carrying on of specified unlawful activity, that is, corruptly alter, destroy, mutilate, and conceal a record, document and other object, and attempt to do so, with the intent to impair the object's integrity and availability for use in an official proceeding *and otherwise* obstruct, influence and impede *any* official proceeding and attempt to do so in violation of Title 18, United States Code, Section 1512(c), in violation of Title 18, United States Code, Section 1956 (a)(3)(A); (emphasis supplied)

7. Counts Five through Eight of the superseding indictment charge substantive violations of 18 U.S.C. §§ 1956(a)(3)(A) and 2. Using now familiar verbiage, each count charges that Mr. Settineri and his co-defendants:

JEFFREY S. WEINER, P.A.
ATTORNEYS AT LAW
TWO DATRAN CENTER•SUITE 1910•9130 SOUTH DADELAND BLVD.•MIAMI, FL 33156-7858•TELEPHONE 305.670.9919 FAX 305.670.9299

4

did knowingly conduct and attempt to conduct financial transactions... which involved property represented by a person, acting at the direction of a Federal law-enforcement officer, to be proceeds of specified unlawful activity, that is, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, with the intent to promote the carrying on of specified unlawful activity, that is, to corruptly alter, destroy, mutilate, and conceal a record, document and other object, and attempt to do so, with the intent to impair the object's integrity and availability for use in an official proceeding *and otherwise* obstruct, influence and impede any official proceeding and attempt to do so in violation of Title 18, United States Code, Section 1512(c). (emphasis supplied)

### *Grounds*

8. Counts One through Eight must be dismissed where they fail to identify the "official proceeding" (or "proceedings") that Mr. Settineri is alleged to have obstructed and conspired to obstruct.

9. Counts One through Eight must be dismissed because they fail to identify the manner in which Mr. Settineri corruptly **otherwise** obstructed, influenced, and impeded any official proceeding in violation of 18 U.S.C. §1512(c)(2) or conspired to do so.

### **MEMORANDUM OF LAW**

### *Rule 7, Fed.R.Crim.P.*

Rule 7, Fed.R.Crim.P., sets forth the requirements for an indictment. Rule 7(c) provides, in relevant part, "The indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged...." Taking these

standards into account, the Eleventh Circuit has previously described as "legally sufficient" an indictment that " '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.' " *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir.2009) (quoting *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir.2002).

"[I]f the indictment tracks the language of the statute, 'it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.' " *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (quoting *United States v. Sanchez*, 269 F.3d 1250, 1314 (11th Cir. 2001) (*en banc* ). Stated otherwise, [a]n indictment that tracks the statutory language can nonetheless be considered deficient if it does not provide enough factual particulars to "sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) *quoting*, *Russell v. United States, supra*, 369 U.S. 749, 763.

### *The tampering statute:*

18 U.S.C. § 1512(c) provides, in pertinent part:

(c) Whoever corruptly--

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. §1512(k) provides: Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

### *The Failure to Identify the Official Proceeding(s) Renders Counts One through Eight Fatally Flawed.*

An indictment alleging a violation of 18 U.S.C. § 1512 must identify the official proceeding the defendant allegedly obstructed. *United States v. Murphy*, 762 F.2d 1151 (1st Cir.1985). In *Murphy,* the defendant was indicted under 18 U.S.C. § 1512(a)(1) for threatening a witness with the intent to influence the witness's testimony in an official proceeding. The indictment did not allege the specific official

JEFFREY S. WEINER, P.A.
ATTORNEYS AT LAW
Two Datran Center•Suite 1910•9130 South Dadeland Blvd.•Miami, FL 33156-7858•Telephone 305.670.9919 Fax 305.670.9299

proceeding that was involved. *Id.* at 1153. On appeal, the First Circuit Court of Appeals applied the standards set out by the Supreme Court in *Russell v. United States, supra*, and concluded that the indictment did not sufficiently apprise the defendant of what he had to defend himself against, because it was "wholly unclear from the indictment" which official proceeding the grand jury had indicted the defendant for obstructing. *Id.,* at 1154.

See also: *United States v. Gianelli*, 585 F.Supp.2d 186, 196 (D.Mass. 2008), in which the court dismissed a tampering count where, "even when read in the context of the indictment, which describes much of the other charged conduct in detail, it remains unclear whether Puopolo is charged with attempting to influence witnesses in connection with this case or other matters."

Mr. Settineri has a particular need to have the specific official proceeding identified because the superseding indictment repeatedly charges that he and his codefendants conspired to "corruptly otherwise obstruct, influence and impede **any** official proceeding."

His predicament is akin to that of the defendant in *United States v. Peterson*, 544 F.Supp.2d 1363 (M.D.Ga. 2008). Peterson, a sheriff, was indicted for obstructing justice under 18 U.S.C. § 1512(c)(2). A count of the indictment alleged that Peterson committed the offense

by alerting a cooperating witness of the identity of an FBI informant who Peterson knew and had reason to believe was part of a "federal investigation" into the cooperating witness' alleged criminal activity. In response to Peterson's motion to dismiss, the government argued that there were "multiple official proceedings" pending at the time of the investigation. *Id.*, at 1377.

The court dismissed the count, stating:

> Count V does not sufficiently apprise Defendant of the charges against him because it is unclear from this indictment which official proceeding Defendant is charged with obstructing. Moreover, Count V's lack of specificity allows the Government to pursue a conviction against Defendant based on an official proceeding that he was not indicted for obstructing. This potential is highlighted by the Government's continued assertions that there were "multiple official proceedings" pending at the time of the alleged obstructive act. The fact that they were pending is irrelevant if the grand jury did not indict Defendant for obstructing them. Thus, if the Government was allowed to go forward on this Count, it would be free to secure a conviction based on the official proceeding that it thinks Defendant obstructed, rather than on the official proceeding upon which the grand jury based its indictment. Such a practice is clearly prohibited by the Fifth Amendment, which ensures that no defendant will be tried on charges that are not set forth in the indictment. *Russell*, 369 U.S. at 770, 82 S.Ct. 1038; *Thomas v. Harrelson*, 942 F.2d 1530, 1531 (11th Cir.1991).

### Counts One through Eight are Impermissibly Vague Because They Fail to Apprise the Defendant of the Manner in which he "Otherwise" Obstructed Justice.

The few facts that are alleged in Counts Two and Three lead the defendant to conclude, perhaps erroneously, that the government has charged him with offenses arising out of a) the alleged receipt of two

JEFFREY S. WEINER, P.A.
ATTORNEYS AT LAW
TWO DATRAN CENTER•SUITE 1910•9130 SOUTH DADELAND BLVD.•MIAMI, FL 33156-7858•TELEPHONE 305.670.9919 FAX 305.670.9299

9

boxes of documents represented to be subject to a grand jury subpoena, and b) the alleged receipt of funds for the purpose of concealing "assets" (and the ancillary acts of creating false and fraudulent invoices in furtherance thereof.)

As noted above, Count One charges a multi-object conspiracy in violation of 18 U.S.C. § 1512(k).  According to Count One, the first object of the conspiracy was to corruptly alter, destroy, mutilate and conceal a record, document, and other object with the intent to impair the object's integrity and availability for use in an official proceeding in violation of 18 U.S.C. §1512(c)(1).

The government has chosen to allege the second object of this conspiracy in only the vaguest, most general terms, to wit: "the defendants did willfully and knowingly conspire, confederate, and agree with persons known and unknown to the grand jury to: ....(b) corruptly **otherwise** obstruct, influence, and impede **any** official proceeding in violation of 18 U.S.C. §1512(c)(2); (emphasis supplied).

The alleged receipt of two boxes of documents represented to be subject to a grand jury subpoena is the subject of Count Two, while the alleged receipt of funds for the purpose of concealing "assets" is the subject of Count Three. Both counts charge a substantive violation of 18 U.S.C. §1512(c).  The government has chosen not to designate whether these charges arise under subsection (1) or (2) of Section

1512(c), but instead, appears to have merged these sections. Nonetheless, the language used in **both** counts is to a great extent identical, despite what would appear to be different acts allegedly committed by the defendant:

> [Mr. Settineri and his codefendants] "did knowingly and corruptly alter, destroy, mutilate and conceal a record, document and other object, and attempt to do so, with the intent to impair the object's integrity and availability for use in an official proceeding **and otherwise** obstruct, influence and impede **any** official proceeding and attempt to do so..." (emphasis supplied)
> Section 1512(c)(2) is generally viewed as a catchall section

providing a sort of omnibus protection against all forms of obstruction.

In *United States v. Kumar*, 2006 U.S. Dist. LEXIS 96142 (E.D.N.Y.) (Judge Glasser rejected the contention that Section 1512(c)(2) applied only to efforts to tamper with physical evidence. The court reviewed the statutory history, noting that Congressman Sensenbrenner, whose bill, H.R. 5118, which codified § 1512(c), "observed that 'H.R. 5118 strengthens laws that criminalize document shredding <u>and other forms of obstruction of justice.</u>'" (emphasis original) (Exhibit A at 6-7) The court concluded:

> An objective reading of the remarks of the Senators and Representatives compels the conclusion that what they plainly sought to eliminate was corporate criminality in all of its guises which, in the final analysis, had the effect of

obstructing, influencing or, impeding justice being pursued in an "official proceeding..." *Id.*[2]

It is clear, however, that a violation of Section 1512(c)(2) must be distinct from a violation of 1512(c)(1). Otherwise, there would be no need for Congress to have enacted this catchall provision. See, *United States v. Singleton*, 2006 WL 1984467 (S.D. Tex.)(holding that Section 1512(c)(2) is the "catch all" that follows the prohibition in § 1512(c)(1) that a person may not "corruptly" alter, destroy, or conceal records, documents or tangible objects with the intent to impair the object's integrity or its availability for use in an official proceeding. The court stated, "The residual language in subsection

---

[2] See also: *United States v. Ring*, 628 F.Supp.2d 195, 225 (D.D.C. 2009) (Section 1512(c)(2) not limited to document destruction but instead extends to false statements.); *United States v. Reich*, 420 F.Supp.2d 75, 84 (E.D.N.Y.2006) (defendant violated § 1512(c)(2) when he created a forged order and sent it to a law firm); *United States v. Gladiola Ramirez*, 2006 WL 573971 (D.P.R. Mar. 8, 2006) (defendant violated § 1512(c)(2) when he "drafted a phony services contract to hide the true nature of illegal kickback payments"); *United States v. Hutcherson*, 2006 WL 270019 (W.D.Va. Feb. 3, 2006) (indictment adequately alleged violation of § 1512(c)(2) where it alleged defendant prepared a phony document).

JEFFREY S. WEINER, P.A.
ATTORNEYS AT LAW
Two Datran Center • Suite 1910 • 9130 South Dadeland Blvd. • Miami, FL 33156-7858 • Telephone 305.670.9919 Fax 305.670.9299

12

(c)(2) must, therefore, capture conduct similar to *but different from* that specifically described in (c)(1)." *Id.*, at 4. (emphasis supplied); Accord, *United States v. Ring, supra*, 628 F.Supp.2d 195 at 224, n.17 ("[S]ubsection (c)(2) is *plainly separate and independent* of subsection (c)(1)...[T]his Court need not read § 1512(c)(2)'s use of 'otherwise' as limited by § 1512(c)(1)'s *separate and independent prohibition* on evidence tampering." (emphasis supplied)

The broad scope applied by the courts to Section 1512(c)(2), together with the total lack of factual detail in Counts One, Two and Three, leave Mr. Settineri, this court, and ultimately a jury, unable to discern, or even guess, how he **otherwise** obstructed, influenced and impeded **any** official proceeding as alleged in these counts. Mr. Settineri will not be able to use an acquittal or conviction on these counts as a bar under double jeopardy to some future prosecution under Section 1512 absent further specification in this superseding indictment regarding the alleged obstruction under subsection 1512(c)(2).

If, as charged in Counts Two and Three, the alleged receipt of two boxes of documents represented to be subject to a grand jury subpoena, *and* the alleged receipt of funds for the purpose of concealing "assets" *each* violate *both* Sections 1512(c)(1) and 1512(c)(2), how is Mr. Settineri to know what he allegedly did to

"otherwise" obstruct justice? And if the same conduct violates both subsections (c)(1) and (c)(2), how is Mr. Settineri's conduct in violation of the latter subsection "similar to *but different from*" his conduct in violation of the former? Cf. *United States v. Singleton, supra.*

The fatal flaws in Counts One through Three carry over to the money laundering conspiracy charged in Count Four and the substantive money laundering charges set forth in Counts Five through Eight. Count Four alleges that Mr. Settineri conspired to use unlawful proceeds "with the intent to promote the carrying on of specified unlawful activity," but alleges the nature of such activity only by tracking the language of the statute, again leaving Mr. Settineri to speculate how he allegedly "otherwise" influence[d] and impede[d] any official proceeding." Counts Five through Eight contain identical language to describe the specified unlawful activity Mr. Settineri allegedly acted to promote. These counts too must therefore be dismissed.

WHEREFORE, the defendant moves this court to enter its order dismissing Counts One through Eight of the superseding indictment.

JEFFREY S. WEINER, P.A.
ATTORNEYS AT LAW
TWO DATRAN CENTER•SUITE 1910•9130 SOUTH DADELAND BLVD.•MIAMI, FL 33156-7858•TELEPHONE 305.670.9919 FAX 305.670.9299

14

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 10th day of June, 2010.

Respectfully submitted,

JEFFREY S. WEINER, P.A.
  Attorneys at Law
Two Datran Center, Suite 1910
9130 South Dadeland Blvd.
Miami, Florida 33156-7858
305 670-9919
305 670-9299 Fax

By:   */s/Jeffrey S. Weiner*
      JEFFREY S. WEINER, ESQUIRE
      Florida Bar No. 185214